# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**RICKY MELTON**  **PETITIONER**
Reg. #22245-032

V.  No. 2:25-cv-00029-LPR-ERE

**FRANCENE HELAIRE, Acting Warden,**
**FCI Forrest City**  **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this RD without independently reviewing the record.

## I.   INTRODUCTION

Ricky Melton, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Doc. 1*. He asserts that the Bureau of Prisons ("BOP") wrongfully denied him First Step Act ("FSA") time credits.[1] For reasons that follow,

---

[1] The FSA allows inmates to earn time credits that may apply toward early placement in pre-release custody or transfer to supervised release. 18 U.S.C. § 3632(d)(4). Prisoners earn time credits by successfully completing "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A).

I recommend that the petition be denied, and the case dismissed, without prejudice, for failure to exhaust administrative remedies.

## II.   BACKGROUND

In 2019, Mr. Melton pleaded guilty in the United States Court for the Eastern District of Kentucky to possession with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Melton*, No. 6:18-CR-00048-REW-HAI-5 (E.D. KY), *Doc. 221*. He was sentenced to 130 months in prison.[2] *Id.* at *Doc. 295*. According to the BOP's website, Mr. Melton's anticipated release date is March 18, 2028.[3]

On February 10, 2025, Mr. Melton filed the § 2241 petition now before the Court. *Doc. 1*. He asserts that the BOP aggregates his convictions into one sentence, resulting in him not receiving FSA time credits because one of his counts of conviction – 18 U.S.C. § 924(c) – make him ineligible to receive FSA time credits.[4] *Doc. 2.* He admits that he has not pursued any administrative remedies but argues that it would be an "[e]xercise in futility." *Doc. 1*.

---

[2] Mr. Melton was sentenced to 70 months on the drug count and a mandatory, consecutive 60 months on the gun count, for a total of 130 months.

[3] *See* www.bop.gov/inmateloc/ (last accessed April 9, 2025).

[4] *See* 18 U.S.C. § 3632(d)(4)(D) (enumerating offenses of conviction where "[a] prisoner is ineligible to receive time credits" under the FSA).

In a March 11, 2025, response, Respondent argues that this case should be dismissed for failure to exhaust administrative remedies, or, in the alternative, because the BOP properly calculated FSA credits. *Doc. 8*.

Mr. Melton's April 7, 2025, reply asserts that Respondent is legally incorrect and reiterates the arguments in his petition. *Doc. 12*.

### III. DISCUSSION

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement, which is not a jurisdictional prerequisite, is designed to serve several purposes including:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal

3

resolution with prison staff; (2) if informal resolution fails, submission of a formal grievance to the Warden on form BP-9; (3) if the formal grievance is denied, appeal to the appropriate Regional Director within 20 days of the Warden's response on form BP-10; and (4) if the BP-10 appeal is denied, appeal to the General Counsel within 30 days of the Regional Director's response on form BP-11. 28 C.F.R. §§ 542.13–542.18.

"Once [a request or appeal is] filed,[5] [a] response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*. If, at any step in the process, the BOP fails to issue a timely response, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In this context, the exhaustion requirement is "judge-made," rather than jurisdictional. See *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (holding that unless Congress "clearly stated that [a] rule is jurisdictional," the Court must treat it as non-jurisdictional) (cleaned up); *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (noting that the exhaustion requirement for a § 2241 petition is judicially created, not jurisdictional).

---

[5] A grievance or appeal is considered filed "on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. If an inmate demonstrates a valid reason for a delayed submission, time limits may be extended. 28 C.F.R. § 542.15(a). Valid reasons for delay include any "situation which prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b).

Mr. Melton concedes that he did not exhaust his administrative remedies. *Docs. 1, 12*. While I may overlook Mr. Melton's failure to exhaust and proceed to the merits, deciding whether to do so requires balancing Mr. Melton's interest "in retaining prompt access to a federal judicial forum" with the BOP's "institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). Mr. Melton does not allege that he will suffer prejudice absent immediate habeas review, and, considering his anticipated release date of March 18, 2028, he has time to complete the exhaustion process. Allowing Mr. Melton to proceed simply because he claims, in conclusory fashion, that exhaustion is futile would defeat the purpose of administrative remedies.

Mr. Melton's habeas petition should be denied and the case dismissed without prejudice. If, after properly exhausting his administrative remedies, Mr. Melton disputes the BOP's final decision, he may return to federal court and seek judicial review under § 2241.[6]

---

[6] Mr. Melton's legal argument finds little support in existing law.

First, under the FSA, a prisoner is "ineligible to receive time credits" (that is, to have earned time credits *applied* toward early prerelease placement or transfer to supervised release) if serving a sentence for certain enumerated offenses, such as 18 U.S.C. § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii). And, the BOP must treat multiple terms of imprisonment, whether imposed concurrently or consecutively, "for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). There is no exception for when one count of conviction is eligible to receive FSA time credits, and another is not.

Second, both the exclusion of certain convictions from receiving FSA time credits and the aggregation of multiple terms of imprisonment are mandated by statute. Courts, including the Eighth Circuit, repeatedly have found that the BOP correctly aggregated terms of imprisonment and denied FSA time credits when the aggregated sentence included a conviction ineligible to receive FSA time credits. See *Tyler v. Garrett*, No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24,

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Ricky Melton's petition for writ of habeas corpus (*Doc. 1*) be denied, and the case DISMISSED WITHOUT PREJUDICE.

Dated 11 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

2024); *Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024); *Martinez v. Rosalez,* No. 23-50406, 2024 WL 140438 (5th Cir. Jan. 12, 2024); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726 (3d Cir. July 17, 2023).